Robert K. Meyer, OSB #086470
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Phone: 503/ 459-4010
Fax: 503/ 274-1214
Email: robert@robertmeyerlaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TIFFANY GOLDSBY**, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | Unlawful Employment Practices |
| **SAFEWAY INC. dba SAFEWAY #1269, a Delaware corporation,** | (Title VII; ORS 659A.030; 42 U.S.C. 1981; ORS 659A.183; FMLA; Wrongful Discharge in Violation of Public Policy; ORS 659A.199.) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for herself to redress injuries done to her by Defendant or officers, employees or agents of said Defendant in contravention of her federally protected rights in violation of the Civil Rights Act of 1964; Title VII; 42 U.S.C. § 2000e-5, 42 U.S.C. 1981, the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*), and her state protected rights in violation of Oregon anti-discrimination laws, ORS 659A.030, 659A.183, and 659A.199.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims. The court also has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §1332 as Plaintiff is a citizen of a different state than Defendant and the amount in controversy exceeds $75,000.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

4.

Plaintiff has properly exhausted her administrative remedies. Plaintiff dual-filed timely claims with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. BOLI found substantial evidence of unlawful employment discrimination based on race and sexual orientation. BOLI also found substantial evidence of unlawful employment practices in violation of OFLA and in retaliation for invoking OLFA. Plaintiff has received a notice of right to file a civil suit confirming her exhaustion of administrative remedies and allowing her to pursue the instant claims in court.

**General Factual Allegations**

5.

Defendant was and is at all times herein mentioned a Delaware corporation with its principal place of business in Pleasanton, CA.

6.

Plaintiff was and is a resident of Portland, Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management for Defendant.  Defendant employed 50 or more employees in Oregon and was a covered employer under Oregon and Federal law at all material times.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial and sexual orientation discrimination and harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination.

9.

Plaintiff is an African American female and self-identified lesbian.

10.

Defendant hired Plaintiff on or about August 24, 2006.

11.

Plaintiff initially worked for Defendant as part of the night crew at Store #1269. Plaintiff transferred to the produce department after about four years and continued to work occasional night shifts.

12.

Plaintiff has had a strong performance record during her employment with Defendant.

13.

In or about July 2014, Lori Young became the store manager for Defendant at Store #1269.  Young treated Plaintiff differently than other similarly situated employee who were not African American or lesbian.  Young subjected Plaintiff to frequent offensive comments directed at Plaintiff's race and sexual orientation creating a hostile and abusive work environment.  Young made numerous unwelcome offensive comments, including but not

limited to the following:

    a.      In or about August 2014, after learning about Plaintiff's shoe collection of about 75 pairs of shoes, Young stated that, "It must be a black thing!"

    b.      In or about September of 2014, Young said to Plaintiff, "I thought Dykes and Gays were a lot stronger and can take on anything," in response to Plaintiff telling Young that she did not want to be produce manager.  Plaintiff found Young's comment offensive.  Plaintiff was in fact concerned about being produce manager because she was worried Young may terminate her if she no longer had union protection.

    c.      In or about September 2014, Young asked Plaintiff to complete some tasks. Plaintiff responded to Young that she would finish the tasks after completing a time sensitive order.  Young responded by calling Plaintiff a "lazy black bitch."

    d.      Young called Plaintiff a "butch dyke" and say that Plaintiff "doesn't matter."

    e.      Young engaged in other conduct and comments directed at Plaintiff's race and sexual orientation that were offensive and unwelcome.

14.

In or about October 2014, Plaintiff reported experiencing racial and sexual orientation discrimination and harassment to Defendant's Human Resource's department.  Defendant's Human Resources representative told Plaintiff, "I'm not sure what you want me to do."

15.

In about November 2014, Plaintiff again reported racial and sexual orientation discrimination and harassment but was told by HR that nothing could be done.

16.

Plaintiff experienced continued harassment and discrimination from Young due to Defendant's failure to address Plaintiff's reports of discrimination and harassment.

17.

Due to Young's discrimination and harassment, Plaintiff began having suicidal thoughts and severe anxiety.  Plaintiff sought medical treatment for her serious health

condition and was diagnosed with depression as well as chest pains that worsened under high stress.

18.

Plaintiff sought family medical leave for her serious medical condition.  In or about October 2014, Plaintiff put the paperwork for her OFLA leave on Young's desk for approval.  Plaintiff took a photograph of the paperwork on Young's desk due to her previous experience with Young.  Plaintiff's OFLA leave was also protected leave under FMLA.

19.

As Plaintiff had feared, Young subsequently accused Plaintiff of failing to provide her with the required OFLA paperwork.  Plaintiff informed Young she had taken a photo of the paperwork on Young's desk with a witness present.  After learning Plaintiff had a witness and a photo, Young was able to find the allegedly missing paperwork.

20.

Plaintiff took approved OFLA leave from October 7, 2014 to November 26, 2014.  This leave was also protected by FMLA.

21.

During Plaintiff's OFLA/FMLA leave, Young texted Plaintiff on her personal phone for information about her sick time and the sick time of other employees of Defendant.  Plaintiff, who was attempting to recover from the anxiety brought on by Young's discrimination, did not consent to these text messages and the messages caused her further stress.  Eventually, Plaintiff changed her phone number to avoid Young's text messages during her OFLA/FMLA leave.

22.

While out on OFLA/FMLA leave, Plaintiff asked about a transfer to another location in order to avoid working with Young upon her return from leave.  Young denied Plaintiff's request to transfer and told Plaintiff that transfers to other stores were not occurring.  There was, however, no such freeze on transfers.

23.

Plaintiff spoke to Nick Alfonso, store manager of Defendant's store on SE 122nd and Powell in Portland about possibly transferring. Alfonso told Plaintiff there was no prohibition on transfers and that she could transfer to his store. Plaintiff was promised more hours by Young if she did not transfer. Young responded to Plaintiff's transfer request by saying, "You think you'll be able to transfer if anyone looks at your file?" Plaintiff's file only had two disciplinary write ups over her approximately eight years of employment – one for a no/call no show in 2010 and the other for working a day she was not scheduled to work.

24.

Upon Plaintiff's return from OFLA/FMLA leave in November 2014, Young failed to reinstate Plaintiff to her position in the produce department. Instead, Young demoted Plaintiff to the night crew and cut her hours: Plaintiff had approximately 38-40 hours per week before leave and less than 20 hours per week after returning from leave. Plaintiff asked Young multiple times to return to the position she held prior to her medical leave but Young refused. Young then filled Plaintiff's previous position with a transfer employee from Alaska.

25.

Defendant denied Plaintiff hours she should have received based on her seniority and her availability. In or about November 2014, Plaintiff contacted her union about the reduction in her hours.

26.

In or about December 2014, Plaintiff again requested that Young give her more hours and told Young it was unlawful to retaliate against an employee for taking family medical leave. Young responded by saying, "I can do whatever I want because it's my store."

27.

In or about December 2014, Plaintiff, accompanied by manager Nick Alfonso, again requested a transfer to a different store. Young again told Plaintiff transfers were not happening at that time, which was inaccurate.

28.

On or about January 7, 2015, Plaintiff and her union filed a civil grievance with Safeway.

29.

On or about January 8, 2015, Plaintiff informed AJ Pohan that she was experiencing severe chest pain and Pohan told her to leave and go straight to the ER.  Pohan agreed to cover for Plaintiff and also informed Young of this by leaving a note for her and texting her.

30.

On or about January 20, 2015, Young wrote Plaintiff up for being one minute late to work, leaving early on multiple occasions, and letting a co-worker take her shift.  Included in the write up was the incident in which Pohan covered for Plaintiff so she could go to the ER.

31.

On January 30, 2015, Plaintiff again required OFLA/FMLA leave due to severe stress, anxiety, and depression from Young's continued harassment and discrimination.  That day, Plaintiff handed Young her OFLA paperwork.  Young rudely responded, "How long are you going to be gone this time?"  Plaintiff heard from a customer that Young subsequently remarked in the store that she had an employee who "had an attitude" was out on leave "again."

32.

While on leave, Plaintiff reported Young's continued discrimination and harassment to Defendant's Human Resources.  The HR representative Plaintiff spoke to told Plaintiff that she saw no problems with Young's behavior and no action would be taken.

33.

Due to Defendant's refusal to take any corrective action, Plaintiff has continued to lose hours/income and suffer emotional distress from Young's discriminatory conduct.

**First Claim For Relief**

**Title VII – Racial Discrimination and Harassment**

34.

Plaintiff realleges paragraphs 1 through 33.

35.

Defendant's conduct had the purpose and effect of creating racially hostile and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

36.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful racial discrimination in violation of Title VII.

37.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was substantially motivated by her race and constitutes unlawful race discrimination in violation of Title VII.

38.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

39.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

40.

Defendant's conduct was willful, malicious and/or done with reckless indifference to

Plaintiff's federally protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

41.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII.

## Second Claim For Relief

## Title VII – Gender Discrimination and Harassment

42.

Plaintiff realleges paragraphs 1 through 41.

43.

Defendant's conduct had the purpose and effect of creating a sexually hostile and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

44.

Defendant's creation of, and/or failure to prevent, the sexually hostile work environment for Plaintiff constitutes unlawful racial discrimination in violation of Title VII.

45.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was substantially motivated by gender/gender stereotypes and constitutes unlawful gender discrimination in violation of Title VII.

46.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

47.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

48.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

49.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII.

### Third Claim For Relief

### ORS 659A.030 – Race Discrimination and Harassment

50.

Plaintiff realleges paragraphs 1 through 49.

51.

Defendant's conduct had the purpose and effect of creating a racially hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

52.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful race discrimination in violation of ORS 659A.030.

53.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated

employees were not, was substantially motivated by her race and constitutes unlawful racial discrimination in violation of ORS 659A.030.

54.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

55.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

56.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

57.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885.

**Fourth Claim For Relief**

**ORS 659A.030 – Sexual Orientation Discrimination and Harassment**

58.

Plaintiff realleges paragraphs 1 through 57.

59.

Defendant's conduct had the purpose and effect of creating a hostile and offensive work environment directed at Plaintiff's sexual orientation, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

60.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Plaintiff constitutes unlawful sexual orientation discrimination in violation of ORS 659A.030.

61.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was substantially motivated by her sexual orientation and constitutes unlawful sexual orientation discrimination in violation of ORS 659A.030.

62.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur economic damages in an amount to be proven at trial.

63.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

64.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

65.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885.

**Fifth Claim For Relief**

**Title VII – Retaliation**

66.

Plaintiff realleges paragraphs 1 through 65.

67.

Defendant discriminated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated Title VII.

68.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was substantially motivated by her good faith reporting and/or opposition to employment practices prohibited by Title VII.

69.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

70.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

71.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

72.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 USC §1988 and Title VII.

### Sixth Claim For Relief

### ORS 659A.030 – Retaliation

73.

Plaintiff realleges paragraphs 1 through 72.

74.

Defendant discriminated against Plaintiff in the terms and conditions of her

employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

75.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was motivated in substantial part due to her reporting and/or opposition to unlawful employment practices violating ORS 659A.030.

76.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

77.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

78.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

79.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 659A.885.

**Seventh Claim For Relief**

**42 U.S.C.  §1981 – Discrimination**

80.

Plaintiff realleges paragraphs 1 through 79.

81.

Defendant's conduct, including denying Plaintiff's request for transfer, reduction of

work hours, denying requests for additional hours, subjecting her to a hostile work environment, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, and disciplining her for attendance issues when similarly situated employees were not, was substantially motivated by her race and/or opposition to race discrimination in violation of 42 U.S.C. §1981.

82.

As a result of term Defendant's unlawful discrimination, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial.

83.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

84.

Defendant's conduct was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

85.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. §1988.

### Eighth Claim For Relief

### FMLA – Medical Leave Interference, Discrimination or Retaliation

86.

Plaintiff realleges paragraphs 1 through 85.

87.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

88.

At all material times, Plaintiff suffered from a serious health condition.

89.

Plaintiff utilized leave that was protected leave under FMLA.

90.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing protected medical leave.

91.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing Plaintiff to suffer damages.

92.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

93.

In perpetrating the above actions, Defendant acted willfully and with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA. As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

94.

Plaintiff is entitled to recover her costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

**Ninth Claim For Relief**

**ORS 659A.183 (OFLA) – Discrimination/Retaliation**

95.

Plaintiff realleges paragraphs 1 through 94.

96.

At all material times, Plaintiff worked on average at least 25 hours per week during the 180 days before the date of the medical leave.

97.

At all material times, Plaintiff suffered from a serious health condition.

98.

Plaintiff utilized leave that was protected leave under OFLA.

99.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including terminating Plaintiff.

100.

In perpetrating the above actions, Defendant violated ORS 659A.183 causing Plaintiff to suffer damages.

101.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

102.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

**Tenth Claim For Relief**

**Whistleblower Retaliation – ORS 659A.199**

103.

Plaintiff realleges paragraphs 1 through 102 above as fully set forth herein.

104.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by denying Plaintiff's request for transfer, reducing her work hours, denying requests for additional hours, failing to reinstate upon her return from medical leave, interfering with her protected medical leave, subjecting her to a hostile work environment, and disciplining her for

attendance issues when similarly situated employees were not, in substantial part for reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations, including, but not limited to interference with her rights to take family medical leave protected under ORS 659A.183 (OFLA) and 29 U.S.C. § 2601 *et seq.* (FMLA).

105.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

106.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

107.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

108.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 659A.885.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant under Title VII, Section 1981, ORS 659A.885 as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any harassment or discrimination based on race, sexual orientation, gender, gender stereotypes, use of OFLA, us of FMLA, or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5.      Reasonable costs and attorney fees; and

6.      For such other and further relief as the Court may deem just and equitable.


DATED this 26th day of October, 2016.


                                    **s/Robert K. Meyer**
                                    _____
                                    Robert K. Meyer, OSB #086470
                                    Of Attorneys for Plaintiff